# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TIMOTHY J. LEWIS,**
        Petitioner,

    v.                                      Case No. 16-CV-1288

**CHARLES R. GUOKAS, BRIAN HAYES,
JULIELYN SORCE, DIVISION OF HEARINGS
AND APPEALS, and DEPARTMENT OF
CORRECTIONS**
        Respondents.

## DECISION AND ORDER

Timothy Lewis is a Wisconsin prisoner currently in custody at the Milwaukee Secure Detention Facility. He challenges the revocation of his extended supervision and the ordered period of reconfinement. The exact nature of this action is not clear because it comes before me in the form of a petition for a writ of certiorari to the United States Supreme Court, having already been returned to Lewis unfiled by the Supreme Court and the United States Court of Appeals for the Seventh Circuit. The Clerk of Court filed this action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

This action is more properly treated as a petition pursuant to 28 U.S.C. § 2254. An action challenging present state custody must proceed under § 2254 "as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). Lewis is currently in state custody pursuant to a judgment of

1

conviction of the Wisconsin Circuit Court for Milwaukee County. He challenges his present state custody.

Upon an initial review of Lewis's petition, as required by Rule 4 of the Rules Governing Section 2254 Cases, I note two clear defects. First, this court's Civil Local Rule 9(a)(1) requires that habeas petitions under § 2254 be on the "forms available from the Court." Lewis's petition is not. Instead, as noted above, it is in the form of a petition for a writ of certiorari to the United States Supreme Court.

Second, Lewis has not named a proper respondent to the petition. For habeas petitions challenging present custody, the proper respondent is the "person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). "[T]here is generally only one proper respondent" and "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id.* at 434–35. Consistent with *Rumsfeld v. Padilla*, Rule 2(a) of the Rules Governing Section 2254 Cases requires that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the *state officer* who has custody" (emphasis added).

Lewis is in custody at the Milwaukee Secure Detention Facility, so the proper respondent to this action is that facility's warden, currently Ronald Malone. Instead, Lewis named as respondents (1) Charles R. Guokas, the state administrative law judge who ordered his extended supervision revoked; (2) Brian Hayes, the administrator who sustained Guokas's revocation decision and order on appeal; (3) Julielyn Sorce, the state official who appeared at Lewis's revocation hearing on behalf of the Wisconsin

2

Department of Corrections (DOC) Division of Community Corrections, which supervises state offenders placed on extended supervision; (4) the Wisconsin Department of Administration's Division of Hearings and Appeals, which conducts hearings for other state agencies and conducted Lewis's revocation hearing; and (5) the DOC itself. With the exception of the DOC, none of these respondents exercises any semblance of custody over Lewis. The DOC is not a proper respondent under *Rumsfeld v. Padilla* or Rule 2(a) because it is neither a "person" nor a "state officer."

Apart from these defects in Lewis's petition, it is not clear whether Lewis meant to file a petition for a writ of habeas corpus. In Wisconsin, after an administrative appeal, a prisoner who has had his extended supervision revoked can seek review of the decision by filing a petition for a writ of certiorari in the Wisconsin Circuit Court. *See State ex rel. Washington v. Schwarz*, 620 N.W.2d 414, 419 (Wis. Ct. App. 2000). It is possible that this is what Lewis was trying to do when he submitted his petition for a writ of certiorari to the U.S. Supreme Court.

Further, it is not clear whether Lewis has exhausted his available state-court remedies. State prisoners challenging present custody are required to exhaust "the remedies available in the courts of the State" before bringing a petition for federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). Section 2254(b)(1)(A) "requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in postconviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999)). It is not clear whether Lewis has pursued review in Wisconsin's state courts by

Case 2:16-cv-01288-LA   Filed 10/14/16   Page 3 of 4   Document 7

filing a petition for a writ of certiorari in the Wisconsin Circuit Court. He must do that before he can seek federal habeas relief.

For these reasons, I will dismiss Lewis's petition without prejudice and with leave to amend. He may file an amended petition using the proper forms and naming the proper respondent within 30 days, if he wishes to. Failure to file an amended petition as directed will likely result in the dismissal of this action.

Lastly, I note that Lewis paid his $5.00 filing fee for this action, so his motion to proceed without prepayment of the filing fee is moot.

**THEREFORE, IT IS ORDERED** that Lewis's petition is **DISMISSED** without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that Lewis file an amended petition on the proper forms and naming the proper respondent within 30 days of entry of this order, if he wishes to proceed with this action.

**IT IS FURTHER ORDERED** that the Clerk of Court provide Lewis with the appropriate forms for a petition for a writ of habeas corpus pursuant to § 2254, along with a copy of this order.

**IT IS FURTHER ORDERED** that Lewis's motion to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 14th day of October, 2016.

    s/ Lynn Adelman
    _____
    LYNN ADELMAN
    District Judge