# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TIMOTHY J. LEWIS,**
        Petitioner,

v.                                          Case No. 16-CV-1288

**RONALD MALONE, Warden,**
**Milwaukee Secure Detention Facility,**
        Respondent.

## ORDER

Timothy Lewis is a Wisconsin prisoner currently in custody at the Milwaukee Secure Detention Facility. On September 26, 2016, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the revocation of his extended supervision and the ordered period of reconfinement. He also filed a motion for leave to proceed without prepayment of the filing fee. On October 14, due to deficiencies in his petition, I dismissed his petition without prejudice and with leave to amend. I denied his motion to proceed without prepayment of the filing fee as moot because he had already paid the filing fee. On October 26, Lewis filed an amended petition and another motion to proceed without prepayment of the filing fee. Again, Lewis has already paid the filing fee, so I will deny his motion as moot.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must promptly examine Lewis's amended petition:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Having reviewed Lewis's amended petition, I find that it does not plainly appear that the petitioner is not entitled to relief in the district court.

It seems as though Lewis has not exhausted his available state remedies or he has procedurally defaulted on the claims that he raises in his petition, but dismissal on those grounds before the respondent has filed a response to the petition would be inappropriate. Failure to exhaust state remedies and procedural default are affirmative defenses that the state can waive and that are subject to certain exceptions. *See* Rule 5(b) of the Rules Governing § 2254 Cases; *see also, e.g.*, *Day v. McDonough*, 547 U.S. 198, 209 (2006). Until the respondent appears and asserts those defenses and the petitioner is given an opportunity to show why they do not bar relief in this case, I cannot determine whether dismissal on those grounds would be appropriate. Accordingly, respondent will be ordered to file a response to the petition.

**THEREFORE, IT IS ORDERED** that within 60 days of the date of this order respondent either answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, or file a dispositive motion.

**IT IS FURTHER ORDERED** that petitioner's second motion to proceed without prepayment of the filing fee (ECF No. 10) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall

have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L. R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed 30 pages and reply briefs must not exceed 15 pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, copies of the petition and this order are being sent today to the Attorney General for the State of Wisconsin for service upon the respondent.

Dated at Milwaukee, Wisconsin, this 3rd day of November, 2016.

                                              s/ Lynn Adelman
                                              _____
                                              LYNN ADELMAN
                                              District Judge